

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| SURGEE RAE JOHNSON, DEBORAH SUSAN HERRINGTON, <br><br> Plaintiffs, <br><br> vs. <br><br> CARLA SHCHEPLER, CITY; ROBERT EVEN, COUNTY SHERIFF; AND LANCE RUSSELL, STATE DA; <br><br> Defendants. | 5:22-CV-05044-CBK <br><br> ORDER |

Plaintiffs filed a complaint and an application to proceed *in forma pauperis* without the prepayment of fees. 28 U.S.C. § 1915(a)(1) authorizes district courts to allow civil litigants to commence suit without the prepayment of the filing fee. However, other than in criminal cases, "[a]n *in forma pauperis* litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts." Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987).

Only plaintiff Johnson submitted an affidavit of resources. The affidavit sets forth income, assets, and expenses for plaintiff Johnson and "spouse." The complaint and supplements filed by plaintiff Johnson contend that plaintiff Herrington is currently incarcerated. It is not clear whether plaintiff Herrington is the "spouse" of plaintiff Johnson. The affidavit of indigency lists minimal monthly disability income but sets forth $54,000 in assets. The affidavit avers that plaintiff Johnson supports a father, an adult brother, and an adult neighbor. The affidavit lists expenses of $5,000 per month for home maintenance and $8,000 per month for transportation.

Based upon income only, plaintiff Johnson would be entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915. The Court is unable to discern whether plaintiffs are

entitled to proceed *in forma pauperis* without the prepayment of the filing fee under 28 U.S.C. § 1915 without further explanation of the dubious expenses and dependents set forth in the affidavit.

In any event, even if the plaintiffs were entitled to proceed *in forma pauperis* in this action, the complaint must be dismissed. The district courts are required to screen complaints filed *in forma pauperis* to determine whether the action

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). I am required to give the plaintiff's pro se complaint liberal construction and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). I have conducted an initial review as required by § 1915A.

The complaint arises out of a nuisance complaint filed against plaintiffs in South Dakota Circuit Court, Seventh Judicial District, Fall River County 23CIV20-000084. I take judicial notice of the records of South Dakota's Unified Judicial System, which are available on the ecourts portal. In October 2020, the City of Edgemont filed a nuisance complaint against plaintiffs concerning property in Edgemont. On August 31, 2021, the Circuit Court entered an order of abatement in that case. The Complaint also arises out of plaintiff Herrington's incarceration. Deborah Herrington pleaded guilty to ingestion of a controlled substance and driving under the influence in South Dakota Circuit Court, Seventh Judicial District, Fall River County 23CRI20-234. She was sentenced on October 2, 2020, to a suspended sentence of five years imprisonment. On January 29, 2021, the suspended sentence was revoked.

To the extent the Court is able to discern the claims made, it appears the claims are that the defendants, in conjunction with the state court nuisance action, are alleged to have engaged in harassment, false imprisonment, slander, robbery, discrimination, grand theft, assault, falsified evidence, operated under a conflict of interest, perjury, false reports, and other conduct not discernable from the hand-written complaint. In the statement of claim, plaintiffs alleged plaintiff Herrington was raped by a deputy in 2007,

and that defendants have been trying to "run [plaintiffs] out of town." Plaintiffs seek a cease-and-desist order, plaintiff Herrington's release from prison, and that the defendants be held accountable for their actions. Plaintiffs ask this Court to investigate the alleged white-collar corruption in Fall River County. They also seek $15 million in damages.

Plaintiffs submitted, as required, a civil cover sheet wherein it is alleged that federal jurisdiction is based upon the fact that this action involves a U.S. government plaintiff. It alleges that plaintiffs are citizens of the State of South Dakota. Defendants are alleged to be citizens of the State of South Dakota, of another state, of a foreign nation, and are incorporated or have their principal place of business in South Dakota and in another state. The nature of the suit is alleged to arise out of contract, land condemnation, federal employers' liability, drug related seizure of property, bankruptcy, trademark, Social Security Disability, ERISA, an immigration naturalization application, an IRS third party claim, civil rights, and the constitutionality of a state statute.

Plaintiffs have failed to coherently allege any basis for federal jurisdiction. Merely checking off one cause of action in every category on the civil cover sheet does not establish federal jurisdiction. Plaintiff's listing of a litany of defendants' alleged misconduct, without more, fails to state a claim upon which relief could be granted. Plaintiffs' complaint, liberally construed, alleges misconduct in connection with state court criminal and civil judgments. This Court does not, by way of a civil action, act as a court of appeals to redress alleged misconduct and unfair judgments in state court proceedings.

Now, therefore,

IT IS ORDERED:

1. The complaint is dismissed for failure to state a claim upon which relief could be granted.

2. The motion, Doc. 2, to proceed *in forma pauperis* without the prepayment of the filing fee is denied as moot.

3. The motion, Doc. 3, for the appointment of counsel is denied as moot.

4. This dismissal counts as a first strike pursuant to 28 U.S.C. § 1915(g).

IT IS CERTIFIED pursuant to Fed. R. App. P. 24(a)(3)(A) and 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore plaintiffs are not entitled to proceed in forma pauperis on appeal.

DATED this 13th day of June, 2022.

BY THE COURT:

*Charles B. Kornmann*

CHARLES B. KORNMANN
United States District Judge